# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA MICHELLE MORY,<br><br>          Plaintiff,<br>vs.<br>CITY OF CHULA VISTA, et al.,<br><br>          Defendants. | CASE NO. 10-CV-252 JLS (WVG)<br><br>**ORDER: DISMISSING PLAINTIFF'S PETITION FOR WRITS OF MANDATE** |

On September 16, 2010, the Court held a status hearing regarding its jurisdiction to entertain Plaintiff's petition for writs of mandate. (*See* Doc. Nos. 26, 27.) The Court ordered the parties to submit briefing regarding whether the Court should retain supplemental jurisdiction over Plaintiff's writ of mandate claims. (Doc. No. 27.) The parties have responded. (Doc. Nos. 30, 31, 33.) Having considered the parties' arguments and the law, the Court, on its own motion, **DISMISSES** Plaintiff's writ of mandate claims.

## BACKGROUND

This is the third in a series of actions arising out of Plaintiff's employment with and termination from the Chula Vista Police Department. *See Mory v. City of Chula Vista*, Case No. 07-CV-462 JLS (WVG); *Mory v. Chula Vista Police Dep't*, Case No. 06-CV-1460 JLS (BLM). In this action, Plaintiff alleges that Defendants terminated her in violation of public policy and in violation of her First Amendment rights. (Doc. No. 1 Ex. A (FAC) ¶¶ 41–49.) Plaintiff also seeks writs of administrative mandate under California Code of Civil Procedure sections 1085 and 1094.5. (FAC

¶¶ 50–107.)

## LEGAL STANDARD

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In any action in which the Court has original jurisdiction, it also has supplemental jurisdiction "over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." *Id.* § 1367(a); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (holding that a single case or controversy exists for purposes of § 1367 if the state and federal claims "derive from a common nucleus of operative fact" such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding . . ."). However, the Court may decline to exercise supplemental jurisdiction over any state claim if (1) "the claim raises a novel or complex issue of State law," (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction," (3) "the district court has dismissed all claims over which it has original jurisdiction," or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(1)–(4).

## ANALYSIS

The Court has original jurisdiction over Plaintiff's claim under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1331, 1441(b). Accordingly, assuming—as the parties do (*see* Doc. No. 30, at 1–2; Doc. No. 31, at 3–4)—that Plaintiff's writ of mandate claims are so related to her federal cause of action that they form part of the same case or controversy, the Court has supplemental jurisdiction over Plaintiff's writ of mandate claims. *See id.* § 1367(a). However, the Court may decline supplemental jurisdiction over Plaintiff's writ of mandate claims if any of the circumstances listed in § 1367(c) are present.

Because writs of mandate are exclusively state procedural remedies, they involve complex issues of state law. *See id.* § 1367(c)(1). Thus, district courts routinely deny supplemental jurisdiction over California writ of mandate claims. *See, e.g.*, *Pac. Bell Tel. Co. v. City of Walnut Creek*, 428 F. Supp. 2d 1037, 1055 (N.D. Cal. 2006) (declining, under § 1367(c)(1) to exercise supplemental jurisdiction over claim seeking writ of mandate under California Civil Procedure Code section 1085);

*City Limits of N. Nev., Inc. v. Cnty. of Sacramento*, 2006 WL 2868950, at *3 (E.D. Cal. Oct. 6, 2006) ("Since Plaintiffs' state claim involves mandamus proceedings that are uniquely in the interest and domain of state courts, and the parties do not dispute that the Court may decline to exercise supplemental jurisdiction, Plaintiffs' state claim is dismissed under section 1367(c)(1)." (internal quotation marks and citation omitted)).[1]  Moreover:

> Mandamus proceedings to compel a state administrative agency to act are actions that are uniquely in the interest and domain of state courts.  It would be entirely inappropriate for a federal court, through exercise of its supplemental jurisdiction, to impose itself upon such proceedings.  Considerations of federalism and comity, not generally present with typical "pendent" state claims, loom large in the case of state mandamus proceedings.

*Clemes v. Del Norte Cnty. Unified Sch. Dist.*, 843 F. Supp. 583, 596 (N.D. Cal. 1994), *not followed on other grounds by Maynard v. City of San Jose*, 37 F.3d 1396, 1403–04 (9th Cir. 1994).

Plaintiff's writ of mandate claims involve complex issues of state law.  *See* 28 U.S.C. § 1367(c)(1).  Further, the issues of federalism and comity identified in *Clemes* loom especially large here.  A California citizen is suing a California governmental entity under California law.  Plaintiff seeks affirmative relief against Defendants, including, *inter alia*, a declaration that the Chula Vista Civil Service Commission abused its discretion, an injunction against further statutory violations, expungement of Plaintiff's personnel files, and an order excluding evidence.  (FAC 25–27.)  California has an overwhelming interest in adjudicating these claims in its state courts.  Thus, "other compelling reasons for declining jurisdiction" also exist.  28 U.S.C. § 1367(c)(4).

Defendants' reliance on *Grable & Sons Metal Products, Inc.*, 545 U.S. 308 (2005), is misplaced.  (*See* Doc. No. 33, at 3–5.)  *Grable* holds that federal jurisdiction over a state law claim may be proper even in the absence of a federal cause of action if "the state action discloses a contested

---

[1] *See also Sanchez v. City of L.A.*, 2010 WL 2569049, at *17–18 (C.D. Cal. May 26, 2010) (recommending that court decline supplemental jurisdiction over state law mandate claim), *report and recommendation adopted* 2010 WL 2572615 (C.D. Cal. June 18, 2010); *Tomlinson v. Cnty. of Monterey*, 2007 WL 2298038, at *2 (N.D. Cal. Aug. 8, 2007) ("Simply because other courts have elected to decide state mandamus claims . . . does not persuade this court that it should do the same."); *Moua v. City of Chico*, 324 F. Supp. 2d 1132, 1143 (E.D. Cal. 2004); *cf. Spielbauer v. Cnty. of Santa Clara*, 2004 WL 2663545, at *3 (N.D. Cal. Nov. 17, 2004) ("[E]ven if this court had original jurisdiction over a related claim, the Court would be loath to exercise supplemental jurisdiction over Spielbauer's [state-law administrative mandate] Cause of Action."). *But cf. City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 169 (1997) ("There is nothing in the text of § 1367(a) that indicates an exception to supplemental jurisdiction for claims that require on-the-record review of a state or local administrative determination.").

and substantial federal question," and "federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts." 545 U.S. at 313. The Supreme Court has subsequently emphasized that only a "slim category" of cases support such jurisdiction. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006). If the federal issue "fact-bound and situation specific," or insubstantial, exercise of federal jurisdiction under *Grable* is improper. *Id.* at 700–01.

Like the reimbursement claim at issue in *Empire Healthchoice*, Plaintiff's writ of mandate claims are "poles apart from *Grable*." *Id.* at 700. "The dispute there centered on the action of a federal agency . . . and its compatibility with a federal statute, the question qualified as 'substantial,' and its resolution was both dispositive of the case and would be controlling in numerous other cases." *Id.* Here, Plaintiff's writ of mandate claims were triggered, not by the action of a federal department, agency, or service, but by the actions and decisions of the Chula Vista Civil Service Commission (CVCSC) and the Chula Vista Police Department. (*See generally* FAC ¶¶ 50–107.) Whether Defendants terminated Plaintiff in violation of her First Amendment rights is only one of many issues presented in the writ of mandate claims.[2]

Further, "*Grable* presented a nearly 'pure issue of law,' one 'that could be settled once and for all and thereafter would govern numerous tax sale cases.'" *Empire Healthchoice*, 547 U.S. at 700. In contrast, Plaintiff's writ of mandate claims are "fact-bound and situation-specific." *Id.* at 701. Plaintiff contends that Defendants retaliated against and terminated her "because she had filed lawsuits against the CVPD." (FAC ¶ 105; *see also id.* ¶ 45.) Further, Plaintiff contends that Defendants

---

[2] Even a cursory reading of Plaintiff's FAC reveals the fallacy of Defendants' contention that "[e]ach and every one of Plaintiffs [sic] state causes of action for discrimination and wrongful termination arise from [Defendants'] alleged violations of Plaintiff [sic] protected activities under the First Amendment." (Doc. No. 33, at 4.) Plaintiff's writ of mandate claim under California Code of Civil Procedure section 1085 is entirely separate from Plaintiff's First Amendment claim. (*See* FAC ¶¶ 50–64.) Plaintiff alleges that Defendants (1) violated California Government Code section 3303(b) by interrogating her without providing the rank, name, and command of the officer in charge of the investigation (*id.* ¶¶ 50–56); (2) violated California Government Code section 3306.5(a) by refusing to allow her to review her personnel file (*id.* ¶¶ 57–61); and (3) violated California Rule of Court 1.100 by not accommodating Plaintiff's counsel's disability (*id.* ¶¶ 62–64). Similarly, Plaintiff's writ of mandate claim under California Code of Civil Procedure section 1094.5 asks the Court to declare that Defendants abused their discretion in various ways that bear no relationship to Plaintiff's First Amendment claim. (*See, e.g.*, FAC ¶¶ 65–107 (alleging that CVCSC abused its discretion by, *inter alia*, not allowing Plaintiff's expert witness to testify and not allowing closing briefs).)

violated her First Amendment rights by ordering her not to discuss the investigation that resulted in her termination. (*Id.* ¶¶ 99–102.) Resolution of these issues will surely turn on disputed questions of fact, and will only settle Plaintiff's claims against Defendants.

The mere presence of a federal element entwined with Plaintiff's writ of mandate claims does not suffice to "open the 'arising under' door." *Grable*, 545 U.S. at 313. Accordingly, "[t]his case cannot be squeezed into the slim category *Grable* exemplifies." *Empire Healthchoice*, 547 U.S. at 701.

## CONCLUSION

For the reasons stated, Plaintiff's writ of mandate claims are **DISMISSED** without prejudice to refiling in state court. *See* 28 U.S.C. § 1367(c).

**IT IS SO ORDERED.**

DATED: March 1, 2011

Honorable Janis L. Sammartino
United States District Judge